IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

CODY ALLEN ARAIZA,                    *

        Plaintiff,                    *

          v.                         *          2:10-CV-163-ID
                                        (WO)

ELMORE COUNTY COMMISSION,          *
*et al.*,
        Defendants.                   *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Elmore County Jail, filed this 42 U.S.C. § 1983 action on February 25, 2010. Plaintiff asserts allegation of excessive force and unconstitutional conditions of confinement against the named defendants for which he seeks monetary damages. Named as defendants are the Elmore County Commission, Sheriff Bill Franklin, Sergeant Fox, Officer Potts, and Officer Easterling. Upon review of the complaint, the court concludes that Plaintiff's claims against the Elmore County Commission should be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).[1]

_____

[1]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process, regardless of the payment of a filing fee, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

Plaintiff names the Elmore County Commission as a defendant. County commissioners cannot be held liable for actions undertaken during the daily operation of a county jail. *Turquitt v. Jefferson County, Alabama*, 137 F.3d 1285, 1289 (11th Cir. 1998). Moreover, county commissioners are entitled to absolute immunity under § 1983 for claims arising from the appropriation of funds for the maintenance of a county jail. *Woods v. Garner*, 132 F.3d 1417, 1420 (11th Cir. 1998) ("The budgetary decisions made by defendants for funding the county--including the jail--are legislative acts protected by legislative immunity."). Thus, Plaintiff's claims against the Elmore County Commission are subject to summary dismissal upon application of the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's claims against the Elmore County Commission  be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii);

2.  The Elmore County Commission be DISMISSED as a defendant to this cause of action; and

3.  This case, with respect to Plaintiff's claims against the remaining defendants, be referred back to the undersigned for appropriate proceedings.

2

It is further

ORDERED that on or before **March 15, 2010** the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th  Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 1st day of March 2010.


/s/   Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE